Bustamante, Judge (dissenting) {28} I respectfully dissent. In my view the majority Opinion does not sufficiently honor the policy considerations that underlie the exclusion. {29} Though the majority is correct that the focus should be on the “designated” nature of the position itself, the Opinion does not carry the analysis far enough. As the majority notes, the designation of a position should be sufficiently clear to place an employee on notice that the position is “not covered employment for the purposes of unemployment compensation.” See Majority Opinion ¶ 15. The Opinion does not delve into the policy reasons that would support excluding a position bom coverage. {30} The best, most historically and administratively grounded explanation for exclusion from coverage I have found comes from Gahres v. Commonwealth, 433 A.2d 152, 154 (Pa. Cmmw. Ct. 1981). The Gahres court stated: The logic of such a requirement is plain. The exclusion imposes ineligibility on the basis that any occupant of such a position can anticipate the possibility of job termination upon a change of administration, so that unemployment in such circumstances cannot be regarded as sudden and unexpected. The required official designation hence provides a basis for that expectation; when the nature of the position is designated by law, there is thus an official signpost which informs the jobholder, upon assuming the position, of what can be expected. 433 A.2d at 154. {31} The passage’s emphasis on job termination tied to a “change of administration” grounds the exclusion in electoral politics. Administrations have the right to ensure that their policymakers and advisors carry out the goals of that administration. As such, they should be able to pick “their own” to hold those positions. In turn, people holding such positions should be aware that they can be replaced at any time and should expect to be replaced with changes in administration. This rationale for exclusion from unemployment compensation makes sense and provides a guide for assessing whether a position’s designation gives sufficient notice to an employee. {32} As the district court noted, positions such as cabinet secretaries are obviously — almost inherently — political in nature and the Legislature rather clearly labeled them as such. The difficulty arises when one considers positions — such as Ms. Perez’s — which are not so obviously political. How are the courts to decide whether they should be subject to exclusion from coverage? I submit that courts should err on the side of caution and limit the number and type of positions subject to the political winds. {33} In my view the majority Opinion is not appropriately cautious in its policy choice. SectionlO-9-12 describes an important position in state government but there is nothing in the description which obviously indicates that the holder of the position should be subject to change as a consequence of election results. The Opinion goes astray with its emphasis on dictionary definitions of “advice” and “recommend.” Rhetorically speaking, what position of any consequence does not involve giving advice and making recommendations? Are all such jobs to be subj ected to the exclusion simply because they include those functions? The question answers itself. {34} A better approach to the problem is to be found in the Conroy case that the majority cites with approval. Conroy involved a claim for unemployment compensation by a former borough police chief. The former chiefwrote, and the borough counsel adopted, the manual of policy and procedures for the police department. 693 A.2d at 255. The manual included a description of the police chiefs position which explicitly included policymaking and advisory duties. Id. There, as here, the employer argued that the position description as adopted by the borough constituted a designation • of a major policymaking and advisory position. Id. at 256. The court in Conroy disagreed, finding the borough’s “analysis insufficient, as it does not consider the underlying purpose of the [l]aw.” Id. Relying on and quoting from Gahres, the Conroy court concluded that to come within the exclusion the designation would have to be more than a functional description of the job. Id. at 257. It would have to clearly relate to job security and establish job terms and employment status as it relates to a change in administration. Id. Applying the approach followed in Conroy leads to affirmance of the district court. {35} The purpose of the Personnel Act is to “establish for New Mexico a system of personnel administration based solely on qualification and ability[.]” Section 10-9-2. The aim of the Personnel Act was to limit to the extent possible the practice of wholesale changes in state employment after elections. Persons of a certain age will recall the difficulties attendant to government employment ruled by patronage and the old “spoils” system. The personnel director’s job is to oversee the system that put a stop to those difficulties. It seems to me eminently good policy not to subject the position to even the restrained version of political influence that necessarily persists. MICHAEL D. BUSTAMANTE, Judge